UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **HARRY G. BEYOGLIDES, JR., Special** ) | CASE NO. 3:14-cv-158 |
| **Administrator of the Estate of Robert** ) | |
| **Andrew Richardson, Sr., Deceased** ) | JUDGE |
| Douple, Beyoglides, Hansen, Claypool, ) | |
| Kovich & Lipowicz ) | |
| 130 West Second Street, Suite 1900 ) | |
| Dayton, OH 45402 ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| **PHIL PLUMMER** ) | **COMPLAINT** |
| **MONTGOMERY COUNTY SHERIFF** ) | |
| 345 West Second Street ) | *[Jury Demand Endorsed Hereon]* |
| Dayton, OH 45422 ) | |
| ) | |
| and ) | |
| ) | |
| **NAPHCARE, INC.** ) | |
| c/o Bradley J. Cain, Statutory Agent ) | |
| 2090 Columbiana Road, Suite 4000 ) | |
| Birmingham, AL 35216 ) | |
| ) | |
| and ) | |
| ) | |
| **SERGEANT TED JACKSON** ) | |
| c/o Montgomery County Sheriff's Office ) | |
| 345 West Second Street ) | |
| Dayton, OH 45422 ) | |
| ) | |
| and ) | |
| ) | |
| **SERGEANT BRIAN LEWIS** ) | |
| c/o Montgomery County Sheriff's Office ) | |
| 345 West Second Street ) | |
| Dayton, OH 45422 ) | |
| ) | |
| and ) | |
| ) | |
| _____ ) | |

**CORRECTIONS OFFICER DUSTIN**
**JOHNSON**
c/o Montgomery County Sheriff's Office
345 West Second Street
Dayton, OH  45422

    and

**DEPUTY SHERIFF LINDA SHUTTS**
c/o Montgomery County Sheriff's Office
345 West Second Street
Dayton, OH  45422

    and

**CORRECTIONS OFFICER MATHEW**
**HENNING**
c/o Montgomery County Sheriff's Office
345 West Second Street
Dayton, OH  45422

    and

**CORRECTIONS OFFICER MICHAEL**
**BEACH**
c/o Montgomery County Sheriff's Office
345 West Second Street
Dayton, OH  45422

    and

**CORRECTIONS OFFICER KEITH MAYES**
c/o Montgomery County Sheriff's Office
345 West Second Street
Dayton, OH  45422

    and

**CORRECTIONS OFFICER BRADLEY**
**MARSHALL**
c/o Montgomery County Sheriff's Office
345 West Second Street
Dayton, OH  45422

    and

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CORRECTIONS OFFICER MICHAEL STUMPFF**                         )
c/o Montgomery County Sheriff's Office                          )
345 West Second Street                                          )
Dayton, OH 45422                                                )
                                                                )
      and                         )
                                                                )
**DEPUTY SHERIFF ANDREW WITTMAN**                               )
c/o Montgomery County Sheriff's Office                          )
345 West Second Street                                          )
Dayton, OH 45422                                                )
                                                                )
      and                         )
                                                                )
**CORRECTIONS OFFICER TONYA BENJAMIN**                          )
c/o Montgomery County Sheriff's Office                          )
345 West Second Street                                          )
Dayton, OH 45422                                                )
                                                                )
      and                         )
                                                                )
**BRENDA GARRETT ELLIS, M.D.**                                  )
NAPHCARE, INC.                                                  )
c/o Bradley J. Cain, Statutory Agent                            )
2090 Columbiana Road, Suite 4000                                )
Birmingham, AL 35216                                            )
                                                                )
      and                         )
                                                                )
**MEDIC STEVEN STOCKHAUSER**                                    )
NAPHCARE, INC.                                                  )
c/o Bradley J. Cain, Statutory Agent                            )
2090 Columbiana Road, Suite 4000                                )
Birmingham, AL 35216                                            )
                                                                )
      and                         )
                                                                )
**NURSE KRISANDRA MILES**                                       )
NAPHCARE, INC.                                                  )
c/o Bradley J. Cain, Statutory Agent                            )
2090 Columbiana Road, Suite 4000                                )
Birmingham, AL 35216                                            )
                                                                )
      and                         )

**NURSE JON BOEHRINGER**      )
NAPHCARE, INC.      )
c/o Bradley J. Cain, Statutory Agent      )
2090 Columbiana Road, Suite 4000      )
Birmingham, AL 35216      )
      )
    and      )
      )
**NURSE FELICIA FOSTER**      )
NAPHCARE, INC.      )
c/o Bradley J. Cain, Statutory Agent      )
2090 Columbiana Road, Suite 4000      )
Birmingham, AL 35216      )
      )
    and      )
      )
**NURSE KRISTY KRUSE**      )
NAPHCARE, INC.      )
c/o Bradley J. Cain, Statutory Agent      )
2090 Columbiana Road, Suite 4000      )
Birmingham, AL 35216      )
      )
                Defendants      )
      )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Harry G. Beyoglides, Jr., Special Administrator of the Estate of Robert Andrew Richardson, Sr., Deceased, by and through counsel, and states and avers as follows for his Complaint against the above-named Defendants.

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for violations of the decedent's rights secured and guaranteed by Title 42, Section 1983 of the United States Code ("U.S.C."), the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution, the laws of the United States and the laws of the state of Ohio.

4

2.      The claims asserted herein arise from the May 19, 2012 death of Robert Richardson, 28, who, while in the custody of the Defendants, was essentially crushed to death by various corrections officers.

3.      The claims asserted herein arise from acts, failures to act and omissions committed, and policies, procedures and customs in place and/or implemented, while Plaintiff's Decedent, Robert Richardson, was in the custody of the Montgomery County Sheriff and during his detention at the Montgomery County Jail/detention facility (the "Montgomery County Jail") from on or about May 17, 2009 through May 19, 2009, during which time the Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Plaintiff's Decedent to be free from the use of excessive force, to due process of law and to necessary medical and mental health care and treatment.

4.      Defendants Sergeant Ted Jackson, Sergeant Brian Lewis, Corrections Officer Dustin Johnson, Deputy Sheriff Linda Shutts, Corrections Officer Mathew Henning, Corrections Officer Michael Beach, Corrections Officer Keith Mayes, Corrections Officer Bradley Marshall, Corrections Officer Michael Stumpff, Deputy Sheriff Andrew Wittman and Corrections Officer Tonya Benjamin (collectively, the "Corrections Officer Defendants") employed, participated in, authorized, ratified and/or failed to intervene to prevent unreasonable, outrageous and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously and with deliberate indifference to and callous disregard for Robert Richardson's constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his wrongful and untimely death.

5.      Defendants, Brenda Ellis, M.D., Medic Steven Stockhauser, Nurse Krisandra Miles, Nurse Jon Boehringer, Nurse Felicia Foster and Nurse Kristy Kruse (collectively, the "Health Care Defendants") acted willfully, wantonly, maliciously and with reckless and callous disregard for and deliberate indifference to the serious medical and mental health needs of Robert Richardson, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his wrongful and untimely death.

6.      Defendants, Montgomery County Sheriff Plummer and NaphCare, Inc., implemented and/or had in place, at all times relevant, policies and customs that violated and/or that were applied in such a way that they violated the constitutional rights of pre-trial detainees at the Montgomery County Jail, including Robert Richardson, to be free from the use of excessive force and to prompt and adequate medical and mental health care to treat serious medical and mental health needs.

7.      Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

## PRELIMINARY ALLEGATIONS

8.      This action is brought, in part, under Title 42 U.S.C. § 1983 and under the Fourteenth Amendment of the United States Constitution and pursuant to the general laws of the United States and the laws of the state of Ohio.

9.      Plaintiff alleges that the conduct of each Defendant deprived her Decedent, Robert Richardson, of his constitutional right to life, and to medical and mental health care for his serious medical and mental health condition(s) and needs,

and caused Robert Richardson to suffer grievous physical and mental pain, suffering, anxiety, harm and death while detained in the Montgomery County Jail and under the direct and continuous custody, control, supervision and care of the Defendants.

10.    Each of the Defendants named in the following Claims for Relief caused and is responsible for the unlawful conduct and resulting harm by, *inter alia*, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing or refusing, with deliberate indifference to and reckless disregard for Robert Richardson's clearly established and known rights, to initiate and maintain adequate training, supervision and staffing; by failing to maintain proper and adequate policies, procedures and protocols, and customs and practices; and by ratifying the unlawful conduct performed by agents and officers, deputies, medical providers, personnel and employees under their direction, supervision and control.

## JURISDICTION AND VENUE

11.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  Pendant jurisdiction over state law claims asserted herein is invoked.

12.    The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

13.    Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

14.     Harry G. Beyoglides, Jr., is the duly appointed Special Administrator of the Estate of Robert Andrew Richardson, Sr., Deceased, Montgomery County Probate Court, Case No. 2012-EST-00921.

15.     In bringing this action against the above-named Defendants, the Special Administrator acts in his representative capacity for the benefit and on behalf of the Estate of Robert Richardson.

16.     Prior to his death, the Decedent, Robert Richardson, was a citizen of the United States of America residing in the state of Ohio and entitled to the protections of the Constitutions and laws of the United States of America and the state of Ohio.

17.     At all times relevant, Defendant NaphCare, Inc., is and was an Alabama corporation, which contracted with Defendant Sheriff Plummer to provide adequate, necessary and reasonable medical and mental health care, screening, assessment, treatment, intervention, referral and attention to those detained at the Montgomery County Jail, and which was acting under color of law.  Defendant NaphCare, Inc. is sued in its individual corporate capacity.

18.     At all times relevant, Defendant Sheriff Plummer was the lawful Sheriff of Montgomery County, Ohio and, through the Montgomery County Sheriff's Office and its employees and agents, was the Sheriff of a duly authorized law enforcement agency, with the ability to sue and be sued, residing in Montgomery County in the Southern District of Ohio.

19.     At all times relevant, Defendant Sheriff Plummer was responsible for the administration, operation and supervision of the Montgomery County Jail/detention

system and facilities, including the Montgomery County Jail, and for the promulgation, enforcement and review of rules, regulations, policies, customs and practices relevant thereto, who was acting under color of law. Defendant Sheriff Plummer is sued in his official capacity.

20. Defendant Sheriff Plummer operated, maintained and/or controlled the Montgomery County Jail at which Robert Richardson was detained from on or about May 17, 2012 and May 19, 2012, during which time he was under the exclusive custody, control and care of Defendant Sheriff Plummer, including the employees and agents of the Montgomery County Sheriff's Office.

21. At all times relevant, Defendant Sheriff Plummer was under a non-delegable duty to promulgate policies, practices, procedures and/or customs to ensure that detainees at the Montgomery County Jail were not subjected to excessive and/or unreasonable force in violation of their constitutional rights.

22. At all times relevant, Defendant Sheriff Plummer was under a non-delegable duty to refrain from using excessive and/or unreasonable force on those detained at the Montgomery County Jail, and to ensure that detainees at the Montgomery County Jail were not subjected to excessive and/or unreasonable force in violation of their constitutional rights.

23. At all times relevant, Defendant Sheriff Plummer was under a non-delegable duty to promulgate policies, practices, procedures and/or customs to ensure that detainees at the Montgomery County Jail were provided with adequate, necessary, and reasonable medical and mental health care, screening, assessment, treatment, intervention, referral and attention.

24.    At all times relevant, Defendant Sheriff Plummer was under a non-delegable duty to provide adequate, necessary and reasonable medical and mental health care, screening, assessment, treatment, intervention, referral and attention to those detained at the Montgomery County Jail.

25.    At all times relevant, Defendants, Johnson, Shutts, Henning, Beach, Mayes, Marshall, and Stumpff, were Corrections Officers acting within the course and scope of their employment with the Montgomery County Sheriff, and under the color of law, who were directly responsible for Robert Richardson's custody, supervision and care at the Montgomery County Jail.  Defendants, Johnson, Shutts, Henning, Beach, Mayes, Marshall and Stumpff, are sued in their official and individual capacities.

26.    At all times relevant, Defendants, Jackson and Lewis, were Corrections Sergeants acting within the course and scope of their employment with the Montgomery County Sheriff, and under the color of law, who were directly responsible for Robert Richardson's custody, supervision and care at the Montgomery County Jail. Defendants, Jackson and Lewis, are sued in their individual and official capacities.

27.    At all times relevant, Defendants, Ellis, Stockhauser, Miles, Foster, Boehringer and Kruse, were medical and/or mental health personnel who were directly responsible for Robert Richardson's medical and/or mental health care while he was detained at the Montgomery County Jail, acting under the color of law and within the course and scope of their employment with Defendant NaphCare, Inc.   These Defendants are sued in their individual capacities.

28.    At all times relevant, the Health Care Defendants were acting within the course and scope of their employment and/or agency with Defendant NaphCare, Inc.,

10

such that Defendant NaphCare, Inc. is vicariously liable for the Health Care Defendants' conduct, including their actions and omissions.

## GENERAL FACTUAL ALLEGATIONS

29.    Plaintiff's Decedent, Robert Richardson, was detained at the Montgomery County Jail from on or about May 17, 2012 to May 19, 2012.  During these periods of detention, Mr. Richardson was within the continuous exclusive custody, supervision and control of Defendant Sheriff Plummer and the Corrections Officer Defendants.  During these periods of detention, Robert Richardson was under the continuous and exclusive medical and mental health care and supervision of Defendants Sheriff Plummer, NaphCare, Inc. and the Health Care Defendants.

30.    During the intake process at the Montgomery County Jail Defendants Sheriff Plummer, NaphCare, Inc. and the Health Care Defendants became aware that Richardson suffered from hypertension and was obese.  They did not note any history of seizure disorder, mental or emotional problems, or any recent or historical drug or alcohol abuse.

31.    On May 19, 2013, Robert Richardson suffered what appeared to be a medical incident in his cell.  According to his cellmate, Richardson spit blood from his mouth, fell backwards to the floor and his body was shaking.  Richardson's cellmate called for help.

32.    By the time the Corrections Officers arrived, Richardson appeared to have retained some degree of voluntary movement and was seated on the floor of the cell and perhaps attempting to get to his feet.  Sergeant Jackson described his movements

as "lethargic and unbalanced" and concluded he was "experiencing an unknown medical issue."

33. Notwithstanding that Richardson appeared to be suffering from a medical issue and had no harmed or threatened anyone, Sergeant Jackson and Corrections Officer Johnson saw fit to put two sets of handcuffs on Richardson and "secured" him on the ground.

34. Richardson, in the throes of a medical emergency, was "secured" by being handcuffed, placed in the prone position and having as many as six officers (and Medic Stockhauser) piled on his back.

35. Stockhauser describes Richardson as being "on his stomach" when he arrived.

36. Each of Corrections Officers, Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman and Beach admit to "holding down" or putting weight on Richardson at some point.

37. While these Corrections Officers took turns applying pressure to Richardson's neck, back, arms, head and legs, he screamed to be let him up and that he could not breathe.

38. Two Ativan injections were attempted. It is unclear which if either was successful.

39. Shortly after these injections, Stumpff noticed that Richardson had "begun to calm down." However, when they "rolled [] Richardson over onto his back and looked to see if his chest was rising and falling" they realized he was not breathing and had no pulse.

40.    The Dayton Fire Department was called and Robert Richardson was ruled dead.

## FIRST CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against Defendants, Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser and Beach in Their Individual Capacities for Excessive Force in Violation of the Fourteenth Amendment.)**

41.    Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

42.    On or around May 19, 2012, the Defendants named in this Claim for Relief found Robert Richardson ill in his cell and suffering from a medical emergency.

43.    In response to this emergency, instead of providing Richardson any care or attempting to help him, they assaulted Richardson.

44.    Indeed, they secured Richardson with two sets of handcuffs and each of the ten officers named in this Claim for Relief in turn and together pinned Richardson to the ground, with him prone on his stomach, until such time as Mr. Richardson – noticeably overweight and clearly agitated from his medical condition – simply ceased to be able to breathe.

45.    The force employed by the Defendants named in this Claim for Relief in securing Richardson, placing him in the prone position and applying significant weight to his back for a period off between 20 and 25 minutes, participating in the foregoing acts and omissions, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions and acquiescing, failing and/or refusing to prevent the foregoing acts and omissions, constitute conduct under the color of state law which deprived Plaintiff's Decedent, Robert Richardson, of his clearly established and known

rights, privileges and immunities secured by the Constitution and laws of the United States.

46.     As a direct and proximate result of the foregoing conduct, the Defendants named in this Claim for Relief deprived Plaintiff's Decedent, Robert Richardson, of his clearly established and known rights under the Fourteenth Amendment of the United States Constitution.  More specifically, these Defendants deprived Robert Richardson of:  (1) his right to be free from a deprivation of life and liberty without due process of law; and (2) his right to be free from the use of excessive, outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

47.     As a direct and proximate result of these Defendants' violations of Robert Richardson's constitutional rights, which resulted in his wrongful and untimely death, Plaintiff's Decedent, Robert Richardson, was forced to endure and suffered extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses, funeral and burial expenses and lost earnings and/or benefits.

48.     As a direct and proximate result of these Defendants' violations of Robert Richardson's constitutional rights, which resulted in his wrongful and untimely death, Plaintiff and the next of kin of Plaintiff's Decedent, suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

      a)      Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, Robert Richardson, and the next of kin of Plaintiff's Decedent, for their injury, damage and loss;

      b)      Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

      c)      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

      d)      All such other relief which the Court deems appropriate.

## SECOND CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against Defendants, NaphCare, Inc., Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser, Beach, Plummer, Miles, Foster, Kruse, Boehringer and Ellis in Their Individual Capacities for Deliberate Indifference to Serious Medical Needs in Violation of Fourteenth Amendment.)**

49.    Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

50.    This Second Claim for Relief is brought against Defendant NaphCare, Inc., the Corrections Officer Defendants, the Health Care Defendants and Plummer, pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of Plaintiff's Decedent, Robert Richardson, an individual suffering from an obvious and known acute medical condition that required appropriate care, treatment, assessment, intervention,

referral, medication and attention to prevent substantial physical and mental health deterioration and death.

51.     At all times relevant, to wit: after his cellmate called for help on May 19, 2012, Robert Richardson's obvious and known medical condition required he receive special attention and care and not be subjected to excessive uses of force and not be subjected to specific modalities of force, including prone restraint in combination with force on his back, neck and spine in such combination as is likely to and in fact did give rise to positional asphyxia and death.

52.     Defendants named in the Second Claim for Relief knew or should have known that in addition to pre-existing conditions of obesity and hypertension Robert Richardson was, on May 19, 2012, clearly in the throes of a potentially serious medical emergency.

53.     Despite knowledge of Mr. Richardson's serious medical condition and needs, the Defendants named in this Claim for Relief were deliberately indifferent to and/or acted with callous/reckless disregard for those serious medical and mental health needs in failing and/or refusing to provide the necessary medical care, assessment, evaluation, intervention, referral and treatment.

54.     The Defendants named in this Claim for Relief knew, or should have known, that taking no action and/or using the types and amount of force described herein and/or participating in said uses of force and/or authorizing and/or acquiescing in the types and amount of force used on Mr. Richardson, could and would result in the rapid and permanent deterioration of Robert Richardson's health and ultimately death.

55.    As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief in denying Robert Richardson necessary medical assessment, evaluation, care, intervention, referral and treatment, Plaintiff's Decedent, Robert Richardson, was forced to endure and suffered extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings and/or benefits.

56.    As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief in denying Robert Richardson necessary medical assessment, evaluation, care, intervention, referral and treatment, which resulted in his wrongful and untimely death, Plaintiff and the next of kin of Plaintiff's Decedent, suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against Defendants named in this Claim for Relief, jointly and severally, for:

      a)    Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, Robert Richardson, and the next of kin of Plaintiff's Decedent, for their injury, damage and loss;

      b)    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)      All such other relief which the Court deems appropriate.

**THIRD CLAIM FOR RELIEF**

**(Violation of 42 U.S.C. § 1983 Against Defendants, Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser and Beach in Their Individual Capacities for Cruel and Unusual Punishment and Excessive Force in Violation of the Eighth Amendment.)**

57.    Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

58.    On or around May 19, 2012, the Defendants named in this Claim for Relief found Robert Richardson ill in his cell and suffering from a medical emergency.

59.    In response to this emergency, instead of providing Richardson any care or attempting to help him, they assaulted Richardson.

60.    Indeed, they secured Richardson with two sets of handcuffs and each of the ten officers named in this Claim for Relief in turn and together pinned Richardson to the ground, with him prone on his stomach, until such time as Mr. Richardson – noticeably overweight and clearly agitated from his medical condition – simply ceased to be able to breathe.

61.    The force employed by the Defendants named in this Claim for Relief in securing Richardson, placing him in the prone position and applying significant weight to his back for a period off between 20 and 25 minutes, participating in the foregoing acts and omissions, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions and acquiescing, failing and/or refusing to prevent the foregoing acts and omissions, constitute conduct under the color of state law which

deprived Plaintiff's Decedent, Robert Richardson, of his clearly established and known rights, privileges and immunities secured by the Constitution and laws of the United States.

62.     As a direct and proximate result of the foregoing conduct, the Defendants named in this Claim for Relief deprived Plaintiff's Decedent, Robert Richardson, of his clearly established and known rights under the Fourteenth Amendment of the United States Constitution.  More specifically, these Defendants deprived Robert Richardson of:  (1) his right to be free from a deprivation of life and liberty without due process of law; and (2) his right to be free from the use of excessive, outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

63.     As a direct and proximate result of these Defendants' violations of Robert Richardson's constitutional rights, which resulted in his wrongful and untimely death, Plaintiff's Decedent, Robert Richardson, was forced to endure and suffered extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses, funeral and burial expenses and lost earnings and/or benefits.

64.     As a direct and proximate result of these Defendants' violations of Robert Richardson's constitutional rights, which resulted in his wrongful and untimely death, Plaintiff and the next of kin of Plaintiff's Decedent, suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

    a)    Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, Robert Richardson, and the next of kin of Plaintiff's Decedent, for their injury, damage and loss;

    b)    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c)    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d)    All such other relief which the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against Defendants, NaphCare, Inc., Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser, Beach, Plummer, Miles, Foster, Kruse, Boehringer and Ellis in Their Individual Capacities for Cruel and Unusual Punishment and Deliberate Indifference to Serious Medical Needs in Violation of Eighth Amendment.)**

65.    Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

66.    This Fourth Claim for Relief is brought against Defendant NaphCare, Inc., the Corrections Officer Defendants, the Health Care Defendants and Plummer, pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of Plaintiff's Decedent, Robert Richardson, an individual suffering from an obvious and known acute medical condition that required appropriate care, treatment, assessment, intervention,

referral, medication and attention to prevent substantial physical and mental health deterioration and death.

67.     At all times relevant, to wit: after his cellmate called for help on May 19, 2012, Robert Richardson's obvious and known medical condition required he receive special attention and care and not be subjected to excessive uses of force and not be subjected to specific modalities of force, including prone restraint in combination with force on his back, neck and spine in such combination as is likely to and in fact did give rise to positional asphyxia and death.

68.     Defendant named in the Fourth Claim for Relief knew or should have known that in addition to pre-existing conditions of obesity and hypertension Robert Richardson was, on May 19, 2012, clearly in the throes of a potentially serious medical emergency.

69.     Despite knowledge of Mr. Richardson's serious medical condition and needs, the Defendants named in this Claim for Relief were deliberately indifferent to and/or acted with callous/reckless disregard for those serious medical and mental health needs in failing and/or refusing to provide the necessary medical care, assessment, evaluation, intervention, referral and treatment.

70.     The Defendants named in this Claim for Relief knew, or should have known, that taking no action and/or using the types and amount of force described herein and/or participating in said uses of force and/or authorizing and/or acquiescing in the types and amount of force used on Mr. Richardson, could and would result in the rapid and permanent deterioration of Robert Richardson's health and ultimately death.

71.     As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief in denying Robert Richardson necessary medical assessment, evaluation, care, intervention, referral and treatment, Plaintiff's Decedent, Robert Richardson, was forced to endure and suffered extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings and/or benefits.

72.     As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief in denying Robert Richardson necessary medical assessment, evaluation, care, intervention, referral and treatment, which resulted in his wrongful and untimely death, Plaintiff and the next of kin of Plaintiff's Decedent, suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against Defendants named in this Claim for Relief, jointly and severally, for:

a)     Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, Robert Richardson, and the next of kin of Plaintiff's Decedent, for their injury, damage and loss;

b)     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c)    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d)    All such other relief which the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against Defendants, NaphCare, Inc., Sheriff Plummer, in His Official Capacity, and Plummer, Jackson and Lewis in Their Individual Capacities for Failure to Supervise, Train and Take Corrective Measures Causing Constitutional Violation.)**

73.    Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

74.    Plaintiff is informed and believes and thereon alleges that Defendants Plummer, NaphCare, Inc., Jackson and Lewis knew, or should have known, of a history, custom, propensity, and pattern at times relevant to the allegations herein for NaphCare, Inc. employees and Montgomery County corrections deputies, officers and employees at the Montgomery County Jail in failing and/or refusing to provide prompt and competent access to and delivery of medical and mental health assessment, evaluation, care, intervention, referral and treatment, including to Robert Richardson. These Defendants' disregard of this knowledge, or failure and/or refusal to adequately investigate and discover and correct such history, customs and propensities, proximately caused the violation of the constitutional rights of Plaintiff's Decedent as alleged herein.

75.    Plaintiff is informed and believes and thereon alleges that prior to the incident(s) alleged herein, the Defendants named in this Claim for Relief and other NaphCare, Inc. employees and Montgomery County deputies, officers, employees, agents, nurses, medical directors, medical and mental health care providers, and

doctors, acting under their authority as officers and/or within the course and scope of their employment with Defendants NaphCare, Inc. and the Montgomery County Sheriff, committed similar acts of:

a) Failing and/or refusing to provide timely adequate access to and delivery of medical care, assessment, evaluation, intervention, referral and treatment for detainees at the Montgomery County Jail with obvious and/or known serious medical health conditions and needs; and

b) Failing and/or refusing to designate certain types and modalities of force as medically contraindicated for certain detainees at the Montgomery County Jail whom have known, or knowable, serious medical and mental health conditions.

76. Plaintiff is informed and believes and thereon alleges that the Defendants named in this Claim for Relief knew, or should have known, of this pattern or practice of unconstitutional violations, or the existence of facts, practices, customs and/or habits, which create the strong potential for unconstitutional acts, and these Defendants had a duty to supervise, train and instruct their subordinates to prevent similar acts to other detainees at the Montgomery County Jail, including Robert Richardson, but failed and/or refused to take reasonable and necessary steps to properly supervise, train, instruct or investigate officers, physicians, nurses, medical and mental health personnel and/or agents or employees of Defendants NaphCare, Inc. and the Montgomery County Sheriff and as a direct and proximate result, Plaintiff's Decedent, Robert Richardson,

was harmed and suffered death in the manner threatened by the pattern(s) or practice(s).

77.     At all times relevant, the Defendants named in this Claim for Relief had the duty:

a)     To train, supervise and instruct deputies, officers, nurses, physicians, medical and mental health personnel, and other agents and employees to ensure that they respected and did not violate federal constitutional and statutory rights of detainees at the Montgomery County Jail with regard to providing necessary medical care and the reasonable and appropriate use of force;

b)     To objectively investigate incidents of in-custody injury, deaths, inadequate classifications and contraindicated housing, denials of prescription medications, and incidents of in-custody use of excessive force and uses of contraindicated force, and to take necessary remedial action;

c)     To provide access to and delivery of timely competent medical and mental health assessment, evaluation, intervention, referral, care, treatment, follow-up and attention to medically and/or mentally ill detainees at the Montgomery County Jail;

d) To monitor the medical and mental health care and treatment provided to mentally and physically ill detainees at the Montgomery County Jail;

e) To monitor and periodically review the adequacy of medical and custodial staffing to ensure adequacy of medical and mental health care, treatment, intervention, referral and attention rendered to mentally and physically ill detainees at the Montgomery County Jail;

f) To comply with the statutory guidelines and the standard(s) of care protecting detainees at the Montgomery County Jail and/or in the custodial setting;

g) To adequately discipline and establish reasonable procedures to document and correct past violations, and to prevent future violations of constitutional rights of detainees at the Montgomery County Jail, by not condoning, ratifying and/or encouraging the violation of Robert Richardson's and other detainees' constitutional rights; and

h) To adequately and periodically train custodial and medical and mental health staff on understanding, recognizing, reporting and responding to issues of physical and mental health/episodes/symptoms of detainees at the Montgomery County Jail.

78. The Defendants named in this Claim for Relief breached the foregoing duties by:

        a) Failing and/or refusing to train, supervise and instruct deputies, officers, nurses, physicians, medical and mental health personnel, and other employees of Defendants NaphCare and the Montgomery County Sheriff at the Montgomery County Jail, on the violations of the constitutional rights of Plaintiff's Decedent and other detainees;

        b) Failing and/or refusing to objectively investigate: in-custody injury, deaths, inadequate classifications and contraindicated housing, denials of prescription medications, and incidents of in-custody use of excessive force and uses of contraindicated force, and failing and/or refusing to take necessary remedial action;

        c) Failing and/or refusing to provide timely competent medical and mental health assessment, evaluation, care, treatment, referral, and intervention for mentally and physically ill detainees at the Montgomery County Jail, which resulted in serious injury or death;

        d) Failing and/or refusing to monitor a detainee's medical and mental health condition, which resulted in serious injury or death;

e)   Failing and/or refusing to monitor and periodically review the quality of medical and mental health assessment, evaluation, care, treatment, referral and intervention provided to mentally and physically ill detainees;

f)   Failing and/or refusing to monitor and periodically review the timelines and adequacy of medical and mental health assessment, evaluation, care, treatment, referral and intervention rendered to mentally and physically ill detainees;

g)   Failing and/or refusing to comply with the statutory guidelines and the standard(s) of care protecting detainees at the Montgomery County Jail and/or in the custodial setting;

h)   Failing and/or refusing to adequately discipline and establish reasonable procedures to document and correct past violations, and to prevent future violations of constitutional rights of detainees at the Montgomery County Jail, by not condoning, ratifying and/or encouraging the violation of Robert Richardson's and other detainees' constitutional rights;

i)   Failing and/or refusing to adequately and periodically train custodial and medical and mental health staff on understanding, recognizing, reporting and responding to

issues of physical and mental health/episodes/symptoms of detainees at the Montgomery County Jail; and

j)      Overseeing, supervising, authorizing, approving of and/or ratifying the medical and mental health care and access thereto provided and not provided to Robert Richardson.

79.     As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief, Plaintiff's Decedent, Robert Richardson was forced to endure and suffer extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings and/or benefits.

80.     As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief, which resulted in Robert Richardson's wrongful and untimely death, Plaintiff and the next of kin of Plaintiff's Decedent, suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against Defendants NaphCare, Inc., Sheriff Plummer, in His Official Capacity, and Plummer, Jackson and Lewis in their Individual Capacities, jointly and severally, for:

a)      Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent,

Robert Richardson, and the next of kin of Plaintiff's Decedent, for their injury, damage and loss;

b)     Punitive damages against Defendants, NaphCare, Inc., Sheriff Plummer, in His Official Capacity, and Plummer, Jackson and Lewis in their Individual Capacities in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)     All such other relief which the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against Defendants, Sheriff Plummer, in His Official Capacity, and NaphCare, Inc. for Custom, Policy, or Practice Causing Constitutional Violations.)**

81.     Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

82.     At all times relevant, Defendants, Sheriff Plummer and NaphCare, Inc., and each of them separately, promulgated and maintained a *de facto* unconstitutional custom, policy or practice of permitting, ignoring and condoning and/or encouraging officers, deputies, nurses, physicians, medical and mental health personnel, and other employees and agents to use contraindicated and/or excessive force, or to participate and/or acquiesce in the use of contraindicated and/or excessive force on detainees at the Montgomery County Jail, including Plaintiff's Decedent, Robert Richardson, all of

which shocks the conscience and offends traditional notions of decency, including, but not limited to:

   a)   The use of unreasonable and excessive force, including the overuse and unnecessary use of prone positioning in combination with pressure on detainees backs, necks, shoulders, arms and legs, while detainees, including Robert Richardson, are restrained;

   b)   The failure and/or refusal to provide timely and adequate relieve from this positioning and pressure when such becomes reasonably and foreseeably likely to prevent an inmate from breathing;

   c)   The use of contraindicated force on detainees, including Robert Richardson, who are medically ill/infirm and/or who have not been adequately assessed, evaluated and/or screened for medical health conditions/infirmities;

   d)   The failure and/or refusal to provide timely and adequate medical and mental health assessment, evaluation, intervention, referral, treatment and care following and/or during the uses of force described herein.

   83.   These customs, policies and/or practices were the direct and proximate cause of the constitutional violations visited upon, and the injuries and death of, Plaintiff's Decedent, Robert Richardson, and each of the Defendants named in this Claim for Relief acting in accordance with these customs, policies or practices used

excessive, unreasonable, outrageous and impermissible force and/or otherwise acted in a manner that shocks the conscience and offends traditional notions of decency.

84.    At all times relevant, the policies, customs and/or procedures referenced in this Claim for Relief were facially and/or *de facto* violative of the clearly established and known rights of detainees at the Montgomery County Jail, including Plaintiff's Decedent, Robert Richardson, and their implementation constitutes deliberate indifference to and/or reckless and callous disregard for the constitutional rights of said detainees, including Robert Richardson, secured by the Fourteenth Amendment of the United States Constitution, including, the right to due process of law, life, liberty and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

85.    At all times relevant, the policies, customs and/or procedures referenced in this Claim for Relief were applied in such a manner, and known by Defendants, Sheriff Plummer and NaphCare, Inc., to be applied in such a manner, such that violations of the constitutional rights of detainees at the Montgomery County Jail, including Plaintiff's Decedent, Robert Richardson, were likely and substantially certain to, and did, occur.  Furthermore, the application and/or misapplication of these policies, practices and/or procedures amount to violations of the constitutional rights of said detainees, including Robert Richardson, secured by the Fourteenth Amendment to the United States Constitution, including the right to due process of law, life, liberty, and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, Sheriff Plummer and NaphCare, Inc., jointly and severally, for:

      a)     Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, Robert Richardson, and the next of kin of Plaintiff's Decedent, for their injury, damage and loss;

      b)     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

      c)     All such other relief which the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF

**(Assault and Battery Against Defendants, Sheriff Plummer, in His Official Capacity, and Defendants Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser and Beach.)**

86. Plaintiff restates and incorporates the above paragraphs as if fully rewritten herein.

87. Defendants, Sheriff Plummer, and Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser and Beach, intentionally and unlawfully threatened Plaintiff's Decedent, Robert Richardson, with physical harm and violence against his person.  It appeared, and ultimately proved to be true, that these Defendants had the ability to carry out the threats of physical harm and violence against him.  As a direct and proximate result, Plaintiff's Decedent, Robert Richardson, was placed in imminent fear of harm by these Defendants.

88. The Defendants named in this Claim for Relief committed, participated in committing, authorized and/or acquiesced in the commission of unlawful acts of physical

harm and violence against Plaintiff's Decedent, Robert Richardson, including, but not limited to:

a) Restraining Richardson while he is in the course of a medical emergency;

b) Using excessive and unreasonable force to control Richardson and pin him to the ground;

c) Using excessive and unreasonable restraint, including keeping Richardson pinned to the ground in a prone position with significant weight on his back for a period in excess of 20 minutes;

d) Refusing to let Richardson free and continuing to hold him against his will in a position that denied him oxygen even as he screamed to be released as he could not breathe.

89. These acts committed against Plaintiff's Decedent, Robert Richardson, directly and proximately caused him to sustain serious physical injury, mental pain and suffering and death. Said acts constitute unlawful assault and battery.

90. As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed against Plaintiff's Decedent, Robert Richardson, he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, death, and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings and/or benefits.

91. As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed by the Defendants named in this Claim for Relief,

Plaintiff's Decedent, Robert Richardson, and Plaintiff suffered mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life, and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a)   Compensatory damages in an amount that will fully and fairly compensate Plaintiff and the Estate of Plaintiff's Decedent, Robert Richardson, including, but not limited to, damages for lost services, support, loss of companionship, protection and mental pain and suffering; lost wages and loss of net accumulations to the Estate; funeral expenses; and medical expenses;

b)   Punitive damages against Defendants, Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser and Beach, in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)   Costs of suit; and

d)      All such other relief which the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***


s/ Daniel Frech
NICHOLAS A. DICELLO  (0075745)
DANIEL FRECH  (0082737)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*dfrech@spanglaw.com*

***Counsel for Plaintiff***