IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HARRY G. BEYOGLIDES, Jr., Special Administrator of the Estate of Robert Andrew Richardson, Sr., Deceased<br>    Plaintiff, | : : : : | CASE NO. 3:14-cv-158<br><br>(Judge Walter H. Rice) |
| v.<br><br>PHIL PLUMMER, MONTGOMERY COUNTY SHERIFF, et al.,<br>    Defendants. | : : : : : | **ANSWER OF DEFENDANTS SHERIFF PHIL PLUMMER, SERGEANTS TED JACKSON AND BRIAN LEWIS, CORRECTIONS OFFICERS DUSTIN JOHNSON, MATHEW HENNING, MICHAEL BEACH, KEITH MAYES, BRADLEY MARSHALL, MICHAEL STUMPFF, AND TONYA BENJAMIN, AND DEPUTY SHERIFF LINDA SHUTTS AND ANDREW WITTMAN TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

    Defendants, Montgomery County Sheriff Phil Plummer, Sergeant Ted Jackson, Sergeant Brian Lewis, Deputy Sheriff Linda Shutts, Deputy Sheriff Andrew Wittman, Corrections Officer Dustin Johnson, Former Corrections Officer Mathew Henning, Corrections Officer Michael Beach, Corrections Officer Keith Mayes, Corrections Officer Bradley Marshall, Corrections Officer Michael Stumpff, and Corrections Officer Tonya Benjamin ("Sheriff Defendants"), answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

PRELIMINARY STATEMENT

1.     Sheriff Defendants specifically deny all allegations contained in paragraph 1 of Plaintiff's Complaint.

2.     Sheriff Defendants admit that Robert Richardson ("Decedent") died on May 19, 2012, while an inmate at the Montgomery County Jail; however, Sheriff Defendants deny all remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

1

3. Sheriff Defendants admit that Decedent was an inmate at the Montgomery County Jail from on or about May 17, 2012, to May 19, 2009. Defendants also admit that they were acting within the scope of their employment with the Montgomery County Sheriff's Office during that time period and were acting under the color of state law, but deny all remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Sheriff Defendants specifically deny all allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Sheriff Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Plaintiff's Complaint; therefore, said allegations are denied.

6. Sheriff Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 regarding policies implemented by NaphCare, Inc.; therefore, said allegations regarding NaphCare's policies are denied. Sheriff Defendants specifically deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Sheriff Defendants specifically deny that Plaintiff is entitled to monetary damages (compensatory and/or punitive), as well as any other award of costs, attorneys' fees, and all other relief requested, as set forth in paragraph 7 of Plaintiff's Complaint.

## PRELIMINARY ALLEGATIONS

8. In response to paragraph 8, Sheriff Defendants specifically deny that Plaintiff has a cause of action under 42 U.S.C. §1983, under the Fourteenth Amendment of the United States Constitution, and under the general laws of the United States and State of Ohio.

9. Sheriff Defendants specifically deny all allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Sheriff Defendants specifically deny all allegations contained in paragraph 10 of Plaintiff's Complaint and further state that all actions taken and policies implemented and maintained by any and all Sheriff Defendants fully comported with state and federal law.

## JURISDICTION AND VENUE

11. Sheriff Defendants specifically deny all allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Sheriff Defendants specifically deny allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Sheriff Defendants specifically deny all allegations contained in paragraph 13 of Plaintiff's Complaint.

## PARTIES

14. Sheriff Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Complaint; therefore, said allegations are denied.

15. Sheriff Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Complaint; therefore, said allegations are denied.

16. Sheriff Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Complaint; therefore, said allegations are denied.

17. Sheriff Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Complaint; therefore, said allegations are denied.

18. Sheriff Defendants admit the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Sheriff Defendants admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Sheriff Defendants deny, as stated, the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Sheriff Defendants deny, as stated, the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Sheriff Defendants deny, as stated, the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Sheriff Defendants deny, as stated, the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Sheriff Defendants deny, as stated, the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. In answering paragraph 25 of Plaintiff's Complaint, Sheriff Defendants admit that the named officers were acting within the course and scope of their employment with the Montgomery County Sheriff and under the color of law. The named officers also admit to being sued in their individual capacities. Further answering, Sheriff Defendants deny, as stated, the remaining allegations contained in said paragraph.

26. In answering paragraph 26 of Plaintiff's Complaint, Sheriff Defendants admit the named sergeants were acting within the course and scope of their employment with the Montgomery County Sheriff, and under the color of law. The named sergeants also admit they are being sued in their official and individual capacities. Further answering, Sheriff Defendants deny, as stated, the remaining allegations contained in said paragraph.

27. Sheriff Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint; therefore, said allegations are denied.

28. Sheriff Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint; therefore, said allegations are denied.

## GENERAL FACTUAL ALLEGATIONS

29. Sheriff Defendants admit Decedent was detained at the Montgomery County Jail from on or about May 17, 2012, to May 19, 2012. Sheriff Defendants deny, as stated, the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30. In answering paragraph 30 of Plaintiff's Complaint, Sheriff Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding NaphCare, Inc. and the "Health Care Defendants," and therefore, deny said allegations. In further answering, Sheriff Defendants state that the health screening documents on record for Decedent speak for themselves and admit to only the information indicated on those documents. The remaining allegations contained in said paragraph are denied.

31. In answering paragraph 31 of Plaintiff's Complaint, Sheriff Defendants specifically deny that Decedent suffered what appeared to be a medical incident in his cell on May 19, 2013, as stated in Plaintiff's Complaint. Assuming said paragraph of Plaintiff's Complaint contains a typographical error, Sheriff Defendants admit that Decedent's cellmate called for officers to respond to what Sheriff Defendants believed to be an unknown medical incident. Sheriff Defendants further state that Decedent's cellmate gave an oral statement to one or more Sheriff Defendants and the content of that

statement, as relayed in one or more Sheriff Defendants' written reports, speaks for itself. Sheriff Defendants are without knowledge or information sufficient as to form a belief as to the truth of the statement made by Decedent's cellmate; therefore, Sheriff Defendants deny the remaining allegations.

32. In answering paragraph 32 of Plaintiff's Complaint, Sheriff Defendants only admit to those statements made in their individual reports regarding their response to the call made by Decedent's cellmate. The contents of these written statements speak for themselves. To the extent that any allegations are inconsistent with those written statements in their entirety, said allegations are specifically denied.

33. Sheriff Defendants deny, as stated, the allegations contained in paragraph 33 of Plaintiff's Complaint. These defendants further state that all actions taken by Sheriff Defendants fully comported with state and federal law.

34. Sheriff Defendants specifically deny the allegations contained in paragraph 34 of Plaintiff's Complaint. These defendants further state that all actions taken by Sheriff Defendants fully comported with state and federal law.

35. In answering paragraph 35 of Plaintiff's Complaint, Sheriff Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any statements made by Defendant Stockhauser, and therefore, Sheriff Defendants deny said allegations. Further answering, the statements made in the Sheriff Defendants' individual reports regarding their response to what was believed to be an unknown medical emergency speak for themselves. To the extent that any allegations are inconsistent with those written statements in their entirety, said allegations are specifically denied. These defendants further state that all actions taken by Sheriff Defendants fully comported with state and federal law.

36. Sheriff Defendants deny, as stated, the allegations contained in paragraph 36 of Plaintiff's Complaint. Further answering, the statements made in the Sheriff Defendants' individual reports regarding their response to what was believed to be an unknown medical emergency speak for themselves. To the extent that any allegations are inconsistent with those written statements in their entirety, said allegations are specifically denied.

37. Sheriff Defendants deny, as stated, the allegations contained in paragraph 37 of Plaintiff's Complaint. These defendants further state that all actions taken by Sheriff Defendants fully comported with state and federal law.

38. Sheriff Defendants deny, as stated, the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Sheriff Defendants deny, as stated, the allegations contained in paragraph 39 of Plaintiff's Complaint. Further answering, the statements made in the Sheriff Defendants' individual reports regarding their response to what was believed to be an unknown medical emergency speak for themselves. To the extent that any allegations are inconsistent with those written statements in their entirety, said allegations are specifically denied.

40. Sheriff Defendants admit the allegations contained in paragraph 40 of Plaintiff's Complaint.

FIRST CLAIM FOR RELIEF
**(Violation of 42 U.S.C. §1983 Against Defendants Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser, and Beach in Their Individual Capacities for Excessive Force in Violation of the Fourteenth Amendment.)**

41. In answer to paragraph 41 of Plaintiff's Complaint, to the extent said paragraph reincorporates other paragraphs of the Plaintiff's Complaint, all defenses, denials, and averments by lack of knowledge to same are specifically incorporated by reference herein.

42. Sheriff Defendants deny, as stated, the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Sheriff Defendants specifically deny the allegations contained in paragraph 43 of Plaintiff's Complaint. These defendants further state that all actions taken by Sheriff Defendants fully comported with state and federal law.

44. Sheriff Defendants admit that two sets of handcuffs were utilized due to the size of Decedent; however Sheriff Defendants specifically deny the remaining allegations contained in paragraph 44 of Plaintiff's Complaint. These defendants further state that all actions taken by Sheriff Defendants fully comported with state and federal law.

45. Sheriff Defendants specifically deny the allegations contained in paragraph 45 of Plaintiff's Complaint and further state that all actions taken by Sheriff Defendants fully comported with state and federal law.

46. Sheriff Defendants specifically deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

6

47. Sheriff Defendants specifically deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Sheriff Defendants specifically deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Sheriff Defendants specifically deny that Plaintiff is entitled to judgment against them. Sheriff Defendants further specifically deny that Plaintiff is entitled to any and all damages listed in his prayer for relief found on page 15 of Plaintiff's Complaint.

SECOND CLAIM FOR RELIEF

**(Violation of 42 U.S.C. §1983 Against Defendants NaphCare, Inc., Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser, Beach, Plummer, Miles, Foster, Kruse, Boehringer and Ellis in Their Individual Capacities for Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment)**

50. In answering paragraph 49 of Plaintiff's Complaint, to the extent said paragraph reincorporates other paragraphs of the Plaintiff's Complaint, all defenses, denials, and averments by lack of knowledge to same are specifically incorporated by reference herein.

51. Sheriff Defendants specifically deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

52. Sheriff Defendants specifically deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

53. Sheriff Defendants specifically deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

54. Sheriff Defendants specifically deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

55. Sheriff Defendants specifically deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

56. Sheriff Defendants specifically deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

57. Sheriff Defendants specifically deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

58. Sheriff Defendants specifically deny that Plaintiff is entitled to judgment against them. Sheriff Defendants further specifically deny that Plaintiff is

entitled to any and all damages listed in his prayer for relief found on pages 17-18 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
**(Violation of 42 U.S.C. §1983 Against Defendants Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser, and Beach in Their Individual Capacities for Cruel and Unusual Punishment and Excessive Force in Violation of the Eighth Amendment.)**

59. In answering paragraph 57 of Plaintiff's Complaint, to the extent said paragraph reincorporates other paragraphs of the Plaintiff's Complaint, all defenses, denials, and averments by lack of knowledge to same are specifically incorporated by reference herein.

60. Sheriff Defendants specifically deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

61. Sheriff Defendants specifically deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

62. Sheriff Defendants specifically deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

63. Sheriff Defendants specifically deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

64. Sheriff Defendants specifically deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

65. Sheriff Defendants specifically deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

66. Sheriff Defendants specifically deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

67. Sheriff Defendants specifically deny that Plaintiff is entitled to judgment against them. Sheriff Defendants further specifically deny that Plaintiff is entitled to any and all damages listed in his prayer for relief found on page 20 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
**(Violation of 42 U.S.C. §1983 Against Defendants NaphCare, Inc., Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser, Beach, Plummer, Miles, Foster, Kruse, Boehringer and Ellis in their Individual Capacities for Cruel and Unusual Punishment and Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment.)**

68. In answering paragraph 65 of Plaintiff's Complaint, to the extent said paragraph reincorporates other paragraphs of the Plaintiff's Complaint, all defenses, denials, and averments by lack of knowledge to same are specifically incorporated by reference herein.

69. Sheriff Defendants specifically deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

70. Sheriff Defendants specifically deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

71. Sheriff Defendants specifically deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

72. Sheriff Defendants specifically deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

73. Sheriff Defendants specifically deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

74. Sheriff Defendants specifically deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

75. Sheriff Defendants specifically deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

76. Sheriff Defendants specifically deny that Plaintiff is entitled to judgment against them. Sheriff Defendants further specifically deny that Plaintiff is entitled to any and all damages listed in his prayer for relief found on pages 22-23 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
**(Violation of 42 U.S.C. §1983 Against Defendants NaphCare, Inc., Sheriff Plummer in his Official Capacity, and Plummer, Jackson and Lewis in Their Individual Capacities for Failure to Supervise, Train and Take Corrective Measures Causing Constitutional Violation.)**

77. In answering paragraph 73 of Plaintiff's Complaint, to the extent said paragraph reincorporates other paragraphs of the Plaintiff's Complaint, all

defenses, denials, and averments by lack of knowledge to same are specifically incorporated by reference herein.

78. Sheriff Defendants specifically deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

79. Sheriff Defendants specifically deny the allegations contained in paragraph 75, including subparagraphs (a)-(b), of Plaintiff's Complaint.

80. Sheriff Defendants specifically deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

81. Sheriff Defendants deny, as stated, the allegations contained in paragraph 77, including subparagraphs (a) – (h), of Plaintiff's Complaint.

82. Sheriff Defendants specifically deny the allegations contained in paragraph 78, including subparagraphs (a) – (j), of Plaintiff's Complaint.

83. Sheriff Defendants specifically deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

84. Sheriff Defendants specifically deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

85. Sheriff Defendants specifically deny that Plaintiff is entitled to judgment against them. Sheriff Defendants further specifically deny that Plaintiff is entitled to any and all damages listed in his prayer for relief found on pages 29-30 of Plaintiff's Complaint.

<u>SIXTH CLAIM FOR RELIEF</u>
**(Violation of 42 U.S.C. §1983 Against Defendants Sheriff Plummer, in his Official Capacity, and NaphCare, Inc. for Custom, Policy, or Practice Causing Constitutional Violations.)**

86. In answering paragraph 81 of Plaintiff's Complaint, to the extent said paragraph reincorporates other paragraphs of the Plaintiff's Complaint, all defenses, denials, and averments by lack of knowledge to same are specifically incorporated by reference herein.

87. Sheriff Defendants specifically deny the allegations contained in paragraph 82, including subparagraphs (a) – (d), of Plaintiff's Complaint.

88. Sheriff Defendants specifically deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

89. Sheriff Defendants specifically deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

90. Sheriff Defendants specifically deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

91. Sheriff Defendants specifically deny that Plaintiff is entitled to judgment against them. Sheriff Defendants further specifically deny that Plaintiff is entitled to any and all damages listed in his prayer for relief found on page 33 of Plaintiff's Complaint.

SEVENTH CLAIM FOR RELIEF
**(Assault and Battery Against Defendants Sheriff Plummer, in His Official Capacity, and Defendants Jackson, Mayes, Johnson, Henning, Stumpff, Lewis, Marshall, Wittman, Stockhauser, and Beach.)**

92. In answering paragraph 86 of Plaintiff's Complaint, to the extent said paragraph reincorporates other paragraphs of the Plaintiff's Complaint, all defenses, denials, and averments by lack of knowledge to same are specifically incorporated by reference herein.

93. Sheriff Defendants specifically deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

94. Sheriff Defendants specifically deny the allegations contained in paragraph 88, including subparagraphs (a) – (d), of Plaintiff's Complaint.

95. Sheriff Defendants specifically deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

96. Sheriff Defendants specifically deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

97. Sheriff Defendants specifically deny the allegations contained in paragraph 91 of Plaintiff's Complaint.

98. Sheriff Defendants specifically deny that Plaintiff is entitled to judgment against them. Sheriff Defendants further specifically deny that Plaintiff is entitled to any and all damages listed in his prayer for relief found on page 35 of Plaintiff's Complaint.

**SECOND DEFENSE**

99. Plaintiff fails to state a claim against Sheriff Defendants upon which relief may be granted.

### THIRD DEFENSE

100. Sheriff Defendants are absolutely and/or qualifiedly immune from suit under both federal and state law; therefore, no liability attaches for these defendants.

### FOURTH DEFENSE

101. Any and all state claims are barred by O.R.C. 2744.01, *et seq.* for all Sheriff Defendants.

### FIFTH DEFENSE

102. All or part of the Complaint is barred by the applicable statute of limitations and/or common law doctrine of laches.

### SIXTH DEFENSE

103. Sheriff Defendants acted with probable cause at all times.

### SEVENTH DEFENSE

104. Sheriff Defendants acted under color of law at all times.

### EIGHTH DEFENSE

105. Sheriff Defendants acted with lawful privilege.

### NINTH DEFENSE

106. Sheriff Defendants may have acted under advice of counsel.

### TENTH DEFENSE

107. Plaintiff's action may be barred by the doctrine set forth in *Heck v. Humphries*.

### ELEVENTH DEFENSE

108. Sheriff Defendants acted reasonably, in good faith, and did not violate clearly established law.

### TWELFTH DEFENSE

109. Sheriff Defendants deny using force on Decedent. Alternatively, at all times material hereto, Sheriff Defendants used reasonable and necessary

force to secure Decedent, who was being placed into protective custody to avoid inadvertent injury to himself or others.

### THIRTEENTH DEFENSE

110. The Complaint fails to join parties and claims required to be joined by Civ. R. 19, without limitation, subrogees and subrogated claims.

111. All subrogated claims belong to the subrogees and cannot be asserted in this action by Plaintiff.

112. All subrogees and subrogation claims not joined in this action are barred from being presented by Plaintiff in this action, or by the subrogees in separate actions.

### FOURTEETH DEFENSE

113. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the conduct of the Decedent, which was illegal, intentional, willful, wanton, reckless, grossly negligent, and/or otherwise a clear assumption of the risk on his part.

### FIFTEENTH DEFENSE

114. The injuries and damages allegedly sustained by Decedent are the direct and proximate result of the intervening, superceding and/or independent actions of Decedent or other third parties over whom these Sheriff Defendants had no control.

### SIXTEENTH DEFENSE

115. Plaintiff's claims are barred as a result of Decedent's own criminal conduct.

### SEVENTEENTH DEFENSE

116. Plaintiff has failed to mitigate and/or minimize his damages, if any.

### EIGHTEENTH DEFENSE

117. No action by any Sheriff Defendant or anyone acting on behalf of any Sheriff Defendant rose to the level of a constitutional deprivation.

### NINETEENTH DEFENSE

118. Plaintiff's claims may be barred by the doctrines of *res judicata*, collateral estoppel, issue preclusion and/or claim preclusion.

### TWENTIETH DEFENSE

119. At no time material hereto did Sheriff Defendants act with deliberate indifference to the federally protected rights of Decedent.

### TWENTY-FIRST DEFENSE

120. Plaintiff's claims may be barred by a failure to exhaust administrative remedies or by a failure to bring a more specific claim.

### TWENTY-SECOND DEFENSE

121. At no time material hereto did there exist an unconstitutional policy, practice or custom on the part of Montgomery County Sheriff's Office and Defendant Phil Plummer.

### TWENTY-THIRD DEFENSE

122. Sheriff Defendants may have acted in self-defense.

### TWENTY-FOURTH DEFENSE

123. Sheriff Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counter-claims, cross-claims, and third party claims that become available or apparent during the course of discovery or trial, and they hereby reserve the right to amend this Answer to assert such defenses.

WHEREFORE, Sheriff Defendants demand that Plaintiff's Complaint be dismissed and that judgment be entered in their favor, together with the costs of suit.

        Respectfully submitted,

        MATHIAS H. HECK, JR.
        PROSECUTING ATTORNEY

By:  s/ Liza J. Luebke
      Liza J. Luebke, #0081315
      Assistant Prosecuting Attorney
      301 West Third Street
      P.O. Box 972
      Dayton, Ohio 45422
      Telephone: (937) 225-5781
      Fax Number: (937) 225-4822
      E-mail: luebkel@mcohio.org
      Attorney for Sheriff Defendants

## JURY DEMAND

Defendants, Montgomery County Sheriff Phil Plummer, Sergeant Ted Jackson, Sergeant Brian Lewis, Deputy Sheriff Linda Shutts, Deputy Sheriff Andrew Wittman, Corrections Officer Dustin Johnson, Former Corrections Officer Mathew Henning, Corrections Officer Michael Beach, Corrections Officer Keith Mayes, Corrections Officer Bradley Marshall, Corrections Officer Michael Stumpff, and Corrections Officer Tonya Benjamin hereby demand a trial by jury as to all issues raised herein.

      s/ Liza J. Luebke
      Liza J. Luebke (0081315)
      Assistant Prosecuting Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of filing which will send notification of such filing to all parties in this case registered with the CM/ECF system. I I further certify that, on the date of filing, I mailed a true copy of the foregoing by ordinary U.S. Mail, postage prepaid, to the following:

Bradley J. Cain, Statutory Agent
2090 Columbiana Road, Suite 4000
Birmingham, AL 35216

      s/ Liza J. Luebke
      Liza J. Luebke, #0081315
      Assistant Prosecuting Attorney