UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HARRY G. BEYOGLIDES, JR.,
Special Administrator of the Estate of
Robert A. Richardson, Sr., Deceased,           Case No. 3:14-cv-158

      Plaintiff,

vs.                                            Magistrate Judge Michael J. Newman
                                               (Consent Case)
MONTGOMERY COUNTY SHERIFF, *et al.*,

      Defendants.

---

**DECISION AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY INSTANTER (DOC. 43); AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. 34)**

---

This is a civil rights consent case in which Plaintiff asserts claims under 42 U.S.C. § 1983 as special administrator of the Estate of Robert Richardson, Sr. ("Richardson"). *See* doc. 1 at PageID 1-36. The case is presently before the Court on the motion to dismiss filed by Defendants Kristy Kruse, Felicia Foster, Krisandra Miles, Steven Stockhauser and Brenda Garrett Ellis, M.D. (hereinafter referred to as the "individual NaphCare Defendants"). Doc. 34. The individual NaphCare Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for failure of service of process within the time period required by Fed. R. Civ. P. 4(m).[1] *Id*. Plaintiff timely filed a memorandum in opposition. Doc. 40. Thereafter, the individual NaphCare Defendants filed a reply. Doc. 42. Plaintiff subsequently moved for leave to file a surreply *instanter* (doc. 43), which, for good cause shown, the Court **GRANTS**. The Court has

---

[1] In addition, Defendant Stockhauser moves to dismiss the assault and battery claim asserted against him under Ohio state law. Doc. 34 at PageID 269. Stockhauser moves to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id*. Plaintiff offers no opposition to Stockhauser's motion in this regard and, therefore, the Court **GRANTS** Stockhauser's unopposed motion to dismiss the state law assault and battery claim.

carefully considered all of the foregoing documents, including Plaintiff's surreply (doc. 43), and the motion to dismiss is now ripe.

As alleged by Plaintiff, Richardson died on May 19, 2012 while detained at the Montgomery County Jail in Dayton, Ohio. Doc. 1 at PageID 5, 11-13. Defendant NaphCare, Inc. ("NaphCare") is an entity hired by the Montgomery County Sheriff to provide medical care and services at the Montgomery County Jail. *Id*. at PageID 8. The individual NaphCare Defendants are all medical care providers who were employed by NaphCare at the Montgomery County Jail on or about May 19, 2012, and who were responsible for Richardson's medical care while he was detained. *Id*. at PageID 10-11.

Plaintiff filed his Complaint in this case on May 19, 2014. *Id*. at PageID 1. Plaintiff asserts §1983 claims against each of the individual NaphCare Defendants in their individual capacities. *Id*. Pursuant to Fed. R. Civ. P. 4(m), as it was in effect at the time the complaint was filed,[2] Plaintiff was required to serve all Defendants on or before September 16, 2014. Plaintiff attempted to serve the individual NaphCare Defendants by certified mail addressed to each individual Defendant at NaphCare, Inc. c/o Bradley J. Cain, Statutory Agent, 2090 Columbiana Road, Suite 4000, Birmingham, Alabama 35216. *See* docs. 3-13, 3-14, 3-15, 3-16. The individual NaphCare Defendants, as well as NaphCare, filed a combined answer on June 20, 2014, specifically asserting ineffective service of process. Doc. 7 at PageID 159.

---

[2] As in effect on May 19, 2014, Fed. R. Civ. P. 4(m) required that defendants in a civil action be "served within 120 days after the complaint is filed[.]" Effective December 1, 2015, Fed. R. Civ. P. 4(m) requires that defendants be "served within 90 days after the complaint is filed[.]"

The individual NaphCare Defendants contend that Plaintiff's attempt at service in Alabama is not sufficient[3] and that, since service of process was not perfected within the time period required by Fed. R. Civ. P. 4(m), the claims against them must be dismissed.  Doc. 34 at PageID 262-63.  Additionally, the individual NaphCare Defendants argue that the claims must also be dismissed on statute of limitations grounds because -- although the complaint was timely filed on the last day of the limitations period -- expiration of the time period in Rule 4(m) restarts the limitations period in the absence of a waiver or an extension of time to perfect service.  *See Whitaker v. Stamping*, 302 F.R.D. 138, 142-45 (E.D. Mich. 2014).

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999).  Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over Defendants.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).

Pursuant to Rule 4(m), as it was in effect at the time the complaint was filed in this case, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified period."  Fed. R. Civ. P. 4(m).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

---

[3] According to the Ohio Secretary of State's website, Naphcare's statutory agent in Ohio, effective as of September 12, 2003, is National Service Information, Inc., 145 Baker Street, Marion, Ohio 43302.  *See* Ohio Secretary of State, Corporation Details, http://www5.sos.state.oh.us/ords/f?p=100:7:0::NO:7:P7_CHARTER_NUM:1410700  (last visited January 4, 2016).

A plaintiff is entitled to an "appropriate" extension of the service period upon showing good cause for the failure to effect timely service. Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). Even in the absence of good cause, the Court maintains discretion to grant an extension of time to effectuate service of process. *See* Fed. R. Civ. P. 4(m); *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *Freeman v. Collins*, No. 2:08-CV-71, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011).

Here, in response to the motion to dismiss, Plaintiff argues that, assuming, *arguendo*, none of the individual NaphCare Defendants were served within the time period required by Rule 4(m), the motion to dismiss should be denied because: (1) these Defendants forfeited their service of process defense by actively defending this case through counsel and/or in delaying action on their affirmative defense; (2) good cause exists requiring an extension of time under Rule 4(m); and (3) even in the absence of good cause, the Court should exercise its discretion and grant them an extension of time to perfect service. The Court finds that, although none of the individual NaphCare Defendants were properly served, and such defense was preserved in their Answer, the defense has been forfeited. Accordingly, the undersigned need not determine whether an extension of the Rule 4(m) deadline is warranted.[4]

### A. Service on Individual NaphCare Defendants

Plaintiff makes no significant argument that service upon the individual NaphCare Defendants is proper and, therefore, the Court finds such point conceded and any further argument on this point waived. *See Southward v. FedEx Freight, Inc.*, 98 F. Supp. 3d 926, 932 (S.D. Ohio 2014) (stating that "issues adverted to in a perfunctory manner, unaccompanied by

---

[4] Even assuming, *arguendo*, that good cause exists for an extension, Plaintiff makes no argument that an over 440 day extension of the 120 day time period under Rule 4(m) (which, effective December 1, 2015, was reduced to 90 days) is "an appropriate period." *See* Fed. R. Civ. P. 4(m). Finding, *infra*, that the individual NaphCare Defendants forfeited their service defense, the Court need not reach this issue.

some effort at developed argumentation, are deemed waived") (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997)). Nevertheless, even assuming, *arguendo*, that Plaintiff preserved argument in this regard, the Court finds that Plaintiff never properly served the individual NaphCare Defendants within the time required by Rule 4(m).

As noted above, Plaintiff sought to serve the individual NaphCare Defendants via NaphCare's statutory agent in Alabama. *See* docs. 3, 4. However, "delivery on an employer does not constitute proper service on the employee who has been sued in his individual capacity." *Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005) (citation omitted); *see also Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio 1982) (holding that "Federal Rule 4(d)(1) requires that service upon individuals be made to the individual personally, at his [or her] dwelling house, or through his [or her] authorized agent"; and that "the requirements of Rule 4(d)(1) are not satisfied by service upon a defendant's place of work or business").

Further, while Fed. R. Civ. P. 4 permits individual service as permitted by Ohio state law, Ohio courts similarly find service improper where plaintiffs attempt to serve employees at an employer's premises where the employee did not maintain an office or regularly visit. *Bell v. Midwestern Educ. Serv., Inc.*, 624 N.E.2d 196, 202 (Ohio Ct. App. 1993). In fact, the Court in *Bell* held that, "in order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Id*.

Here, Plaintiff -- whose burden it is to demonstrate proper service, *see Byrd*, *supra* -- fails to show that service at NaphCare's Alabama address is proper for any of the individually named NaphCare Defendants -- all of whom, as alleged by Plaintiff in the complaint, provided medical

care at the Montgomery County Jail in Dayton, Ohio. *See* doc. 1 at PageID 10-11. Accordingly, none of the individual NaphCare Defendants were properly served within the 120 day time period required by Rule 4(m). *See Cap City Dental Lab, LLC v. Ladd*, No. 2:15-CV-2407, 2015 WL 7179663, at *2-3 (S.D. Ohio Nov. 16, 2015).

  B.  **Forfeiture of the Service Defense**

Plaintiff argues, however, that the motion to dismiss should be denied because the individual NaphCare Defendants have waived service by appearing through counsel and actively litigating this case. *See* doc. 40 at PageID 305-07. As noted by the Sixth Circuit, "[e]ven where a defendant properly preserves a Rule 12(b) defense by including it in an answer, he [or she] may forfeit the right to seek a ruling on the defense at a later juncture through his [or her] conduct during the litigation." *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012). In other words, "[a]sserting a Rule 12(b) defense in an answer 'do[es] not preserve the defense in perpetuity.'" *Id*. Instead, "[a] defendant is 'required at some point to raise the issue by motion for the court's determination[,]'" and "[w]aiting too long to do so can forfeit the defense." *Id*.

Here, the individual NaphCare Defendants, through counsel, participated in a Rule 26(f) conference with counsel for the other parties. *See* doc. 10 at PageID 167. They also, through counsel, jointly submitted a Rule 26(f) report with the Court in which the parties all agreed to a proposed October 31, 2014 deadline for filing motions directed to the pleadings -- *i.e.*, motions asserting defenses under Rule 12(b). *Id.* at PageID 168. Notably, such deadline expired approximately forty-five (45) days after expiration of the time for service under Rule 4(m), and -- although other pretrial deadlines were extended, *see* docs. 23, 26 -- the deadline for filing Rule 12(b) motions was never extended by Court Order.

Because this motion was filed over a year after expiration of the deadline for filing Rule 12(b) motions, the Court agrees with Plaintiff that the affirmative defense asserting an insufficiency of process has been forfeited.

The Court also finds that the individual NaphCare Defendants forfeited their insufficiency of service defense by extensively participating in the litigation. *See King*, 694 F.3d at 660. In addition to participating in the Rule 26(f) conference through counsel as noted *supra*, the individual NaphCare Defendants, through counsel, joined in motions to extend pretrial deadlines, consented to the jurisdiction of the undersigned Magistrate Judge, and disclosed witnesses pursuant to the Court's Order. *See* doc. 22 at PageID 206; doc. 24 at PageID 218; doc. 28 at PageID 228-31; doc. 32 at PageID 248.

Based on all of the foregoing, the Court: (1) **GRANTS** Plaintiff's motion for leave to file a surreply *instanter* (doc. 43); (2) **GRANTS** Defendants' motion to dismiss insofar as it relates to the state law assault and battery claim asserted against Defendant Stockhauser (doc. 34); and (3) **DENIES** the remainder of Defendants' motion to dismiss (doc. 34).

**IT IS SO ORDERED.**

Date:   January 6, 2016                           *s/ Michael J. Newman*
                                                  Michael J. Newman
                                                  United States Magistrate Judge