UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HARRY G. BEYOGLIDES, JR.,
Special Administrator of the Estate of
Robert A. Richardson, Sr., Deceased,

      Plaintiff,

vs.

MONTGOMERY COUNTY SHERIFF, *et al.*,

      Defendants.

Case No. 3:14-cv-158

Magistrate Judge Michael J. Newman
(Consent Case)

**ORDER DENYING DEFENDANTS' MOTION TO ENFORCE A SUBPOENA ISSUED TO MARCUS MAXWELL (DOC. 47) WITHOUT PREJUDICE TO REFILE**

This civil consent case is before the Court on Defendants' motion to enforce a subpoena issued to Marcus Maxwell ("Maxwell"). Doc. 47.

In support of their motion, Defendants submit evidence showing that they issued a subpoena to Maxwell on January 5, 2016, which directed him to appear for deposition on January 19, 2016. *Id*. at PageID 396. Defendants also submit evidence that the subpoena was served on Maxwell on January 11, 2016. *Id*. at PageID 397. According to Defendants, Maxwell failed to show for the January 19, 2016 deposition, and further failed to show for a rescheduled deposition on January 29, 2016. *Id*. at PageID 391. Defendants have now reset Maxwell's deposition for February 29, 2016, and request an order from the Court directing him to appear on that date to be deposed. *Id*. For the reasons set forth herein, Defendants' motion is **DENIED** without prejudice to refile.

Service of a subpoena is governed by Rule 45(b) which states, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); *see also* 28 U.S.C. § 1821(a)(1) (requiring that "a witness in attendance . . . before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section"). Courts interpret the language of Rule 45(b)(1) as requiring "simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *Hazelwood v. Webb*, No. 4:06CV-P107-M, 2007 WL 2815583, at *2 (W.D. Ky. Sept. 26, 2007) (citing *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983)); *see also Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

Thus, proper service of a subpoena directing a person's attendance under Rule 45 requires not only service of the subpoena itself, "but also tendering of the witness fee[1] and a reasonable mileage allowance." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003); *see also Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at *2 (W.D. Mich. Nov. 27, 2006) (citations omitted). "Failure to tender fees and mileage renders the subpoena invalid and frees the witness of any obligation to attend." *Hazelwood*, 2007 WL 2815583, at *2 (citing *Andreola v. State of Wis.*, No. 04-C-0282, 2006 WL 897787, at *10 (E.D. Wis. Apr. 04, 2006); WRIGHT & MILLER, Federal Practice and Procedure: Civil 2d § 2454 at 25-26 (West 1995)

---

[1] Pursuant to 28 U.S.C. § 1821(b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Consistently, the fee schedule posted by this Court provides for a $40 per day witness fee. See United States District Court - Southern District of Ohio, http://www.ohsd.uscourts.gov/court-fee-schedule-and-payment-information (last visited on Feb. 16, 2016).

2

(stating that "[f]ailure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena")).

Here, although Defendants represent issuance of a witness fee, there is no evidence before the Court proving that such fee was tendered at the time the subpoena was served. In fact, the proof of service provided in support of Defendants' motion fails to certify that any fee was tendered at the time of service. Doc. 47 at PageID 397. Further, Defendants do not represent -- and there is no evidence cited to support a contention -- that a reasonable mileage allowance was tendered at the time of service. *Id*.

Accordingly, there being no proof of proper service of the subpoena upon Maxwell, Defendants' motion is **DENIED** without prejudice to refile.

    **IT IS SO ORDERED.**

Date:  February 16, 2016          *s/ Michael J. Newman*
                                                               Michael J. Newman
                                                               United States Magistrate Judge