UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HARRY G. BEYOGLIDES, JR.,
Special Administrator of the Estate of
Robert A. Richardson, Sr., Deceased,                    Case No. 3:14-cv-158

       Plaintiff,

vs.                                                     Magistrate Judge Michael J. Newman
                                                        (Consent Case)

MONTGOMERY COUNTY SHERIFF, *et al.*,

       Defendants.

---

## DECISION AND ENTRY GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO AMEND (DOCS. 60, 61)

---

This civil case is before the Court on Plaintiff's motion to file a first amended complaint. Doc. 61. Defendants filed memoranda in opposition. Docs. 63, 64. Thereafter, Plaintiff filed reply memoranda. Docs. 65, 66. On July 25, 2016, the Court held oral argument. Attorneys Nicholas DiCello, Lynnette Dinkler, Jamey Pregon, Mary Montgomery, Todd Ahearn, and Anne Jagielski participated. The undersigned has carefully reviewed all of the written submissions -- as well as the oral arguments of counsel -- and Plaintiff's motion for leave to amend is now ripe.

**I.**

Robert Andrew Richardson, Sr. died on May 19, 2012 while detained at the Montgomery County Jail ("MCJ") in Dayton, Ohio. Doc. 1 at PageID 5, 11-13. The circumstances surrounding his death, and the cause of his death, are in dispute. Plaintiff filed his complaint in this case on May 19, 2014 asserting federal civil rights claims arising under § 1983, as well as assault and battery claims arising under Ohio law. *Id.* at PageID 1. Two categories of defendants were then named: MCJ workers employed by Montgomery County, Ohio (the

"County Defendants"); and MCJ workers employed by the private entity NaphCare (the "NaphCare Defendants"). Since the filing of the original complaint, the parties have engaged in extensive discovery and motions practice, and at this date, the discovery deadline has passed and dispositive motions are due shortly. Trial is presently set for November 14, 2016, *i.e.*, approximately three months away.

Now, at the close of discovery and on the eve of the dispositive motion deadline, the parties dispute the specific claims Plaintiff asserts in the complaint. Plaintiff now seeks to amend the complaint so as to clarify the claims asserted. *See* doc. 61 at PageID 534. Specifically, Plaintiff seeks to clarify that he intended to assert a wrongful death claim under Ohio Rev. Code § 2125.01, *et seq*. arising from Defendants' allegedly tortious conduct -- namely, as a result of assault, battery, and medical negligence. *See* docs. 61, 65, 66.

## II.

Ordinarily, a district court "should freely give leave [to amend the pleadings] when justice so requires." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing Fed. R. Civ. P. 15(a)(2)). However, once "the deadline established by a scheduling order" expires, a party "must show good cause under Rule 16(b) for failure earlier to seek leave to amend[.]" *Id*. To establish good cause, the party seeking leave to amend "must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Id*.

## III.

### A. Wrongful Death

A wrongful death claim under Ohio law may be asserted where "the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to

maintain an action and recover damages if death had not ensued[.]" Ohio Rev. Code § 2125.01. Notably, wrongful death is a separate and distinct claim from a survivorship claim.[1]  *Freudeman v. Landing of Canton*, 702 F.3d 318, 333 (6th Cir. 2012). Because a wrongful death claim requires proof of some "wrongful act, neglect or default[,]" *see* Ohio Rev. Code § 2125.01, "a wrongful death claim must be predicated upon a separate tort." *Smith v. United States*, No. 3:95CV445, 2012 WL 1453570, at *45 (S.D. Ohio Apr. 26, 2012).

Here, the Court notes the preliminary statement of the claims in the complaint specifically uses the term "wrongful and untimely death." *See* doc. 1 at PageID 5.  Further, the damages sought in conjunction with Plaintiff's state law assault and battery claim are consistent with the damages available under Ohio's wrongful death statute -- namely, loss of services, society, companionship, care, attention, protection, advice, guidance, counsel, instruction, training, and education.[2]  *See* Ohio Rev. Code § 2125.02(B); doc. 1 at PageID 34-35.  Based upon the foregoing, the undersigned finds a state law claim for wrongful death is adequately alleged in the original complaint -- at least insofar as such wrongful death claim is predicated on the alleged "wrongful act[s]" of assault and battery. *See infra.*

## B.  Medical Malpractice

The Court's inquiry, however, does not end there.  Plaintiff contends that the wrongful death claim set forth in the original complaint is also predicated on the tort of medical malpractice and Plaintiff, in his motion to amend, argues that his proposed amended pleading

---

[1] Under Ohio law, "[a]lthough a survival claim and a wrongful death claim are typically pursued by the same nominal party [such as an administrator] and must usually be joined in the same action . . . they are separate and independent causes of action." *Freudeman*, 702 F.3d at 333 (6th Cir. 2012) (citing *Peters v. Columbus Steel Castings Co.*, 873 N.E.2d 1258, 1261 (2007) (stating that "when an individual is killed by the wrongful act of another, the personal representative of the decedent's estate may bring a survival action for the decedent's own injuries leading to his or her death as well as a wrongful-death action for the injuries suffered by the beneficiaries of the decedent as a result of the death").

[2] Plaintiff concedes and agrees with Defendants that "wrongful death damages are not available pursuant to 42 U.S.C. § 1983."  Doc. 65 at PageID 636.

merely clarifies that the original complaint also asserts a medical malpractice claim and a wrongful death claim predicated thereon. Doc. 65 at PageID 636-37.

Plaintiff concedes, however, that -- while he undoubtedly seeks relief for deliberate indifference to a medical need under 42 U.S.C. § 1983 -- his complaint never uses the terms "negligence," "negligent" or "medical malpractice." *Id.* Despite such concession, Plaintiff argues that the use of such specific words is not legally necessary under the liberal notice pleading requirements of Fed. R. Civ. P. 8. *Id.* Essentially, Plaintiff argues that, because medical malpractice is a lesser included offense of deliberate indifference, he necessarily pled facts supporting a malpractice claim -- even though he cites only federal statutory and constitutional law to support the relief sought. *Id.* at PageID 637. The Court disagrees.

As advanced by Plaintiff, Rule 8 only requires a "short and plain statement of the claim." Fed. R. Civ. P. 8. However, while "a complaint need not even cite any law in order to pass muster under the liberal pleading standards[,]" a plaintiff's "specific assertion of a particular statutory entitlement for relief" under federal law "suspends [his or] her ability to claim that [he or] she also impliedly pleaded" a claim for relief under state law. *See Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 922-23 (N.D. Iowa 2003), *aff'd*, 382 F.3d 816 (8th Cir. 2004). Because a plaintiff is master of his or her complaint, the "court cannot imply that [a plaintiff's] claim was brought under any law other than that upon which [he or] she specifically relied." *Id.* at 924. Based upon the foregoing, the undersigned finds that the original complaint does not allege a state law medical malpractice claim and, further, fails to allege a wrongful death claim predicated upon medical negligence.

4

### C.      Leave to Amend Pleadings

Insofar as Plaintiff now seeks leave to amend to add a medical malpractice claim and a wrongful death claim predicated thereon, the Court finds that Plaintiff fails to establish good cause in support of his request for leave in that regard at this late date.  Defendants have been defending this litigation for over two years in an effort to demonstrate that they did not act with deliberate indifference -- a standard higher than the negligence standard required to show medical malpractice.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid" constitutional claim of deliberate indifference).  Prejudice would ensue if the Court permitted Plaintiff to plead these claims for the first time two years into the litigation, at the end of discovery, and on the eve of dispositive motion filing.  Accordingly, the undersigned **DENIES** Plaintiff's motion in this regard.

However, finding that Plaintiff has alleged a wrongful death claim predicated upon assault and battery since the inception of this case, the undersigned finds no prejudice to Defendants in allowing Plaintiff to amend the complaint so as to clarify the existence of that previously pled claim.  Accordingly, Plaintiff's motion for leave to amend the complaint, so as to clarify his wrongful death claim arising from the state law assault and battery causes of action, is **GRANTED**.  Plaintiff, therefore, is **GRANTED** leave to file, within **TEN (10) DAYS**, an amended complaint asserting a wrongful death claim against the County Defendants arising from their alleged assault and battery.

For clarification, no assault and battery claims remain pending against any NaphCare Defendant[3] (and no wrongful death claim predicated thereon remains pending against any NaphCare Defendant). As set forth *supra*, no claims of negligence have ever been asserted against the NaphCare Defendants. Accordingly, the Court finds Plaintiff is **DENIED** leave to amend his complaint and bring any wrongful death claim against any NaphCare Defendant.

### D.     Substitution of Administrator

There being no opposition to Plaintiff substituting the new administrator of decedent's estate, and for good cause shown, Plaintiff's motion for leave to amend is **GRANTED** in this regard.

### IV.

Based upon all of the foregoing, Plaintiff's motions for leave to amend (docs. 60, 61) are **GRANTED** insofar as Plaintiff seeks to clarify wrongful death claims arising from alleged assault and battery state law claims against the County Defendants. Plaintiff's motions (doc. 60, 61) are also **GRANTED** insofar as Plaintiff seeks to substitute the new administrator of decedent's estate. However, Plaintiff's motions are **DENIED** insofar as he seeks to add allegations/claims of medical negligence under state law.

**IT IS SO ORDERED.**

Date:  August 12, 2016                              */s/ Michael J. Newman*
                                                              Michael J. Newman
                                                              United States Magistrate Judge

---

[3] Plaintiff originally asserted an assault and battery claim against NaphCare Defendant Steven Stockhauser. Doc. 1. However, when Defendants moved to dismiss the assault and battery claim against Stockhauser, Plaintiff did not respond and, therefore, abandoned such claim. *See* doc. 45 at PageID 377, n.1.