UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID M. HOPPER, Special
Administrator of the Estate of Robert
Andrew Richardson, Sr.,                         Case No. 3:14-cv-158

      Plaintiff,

vs.

                                    Magistrate Judge Michael J. Newman
                                    (Consent case)

MONTGOMERY COUNTY
SHERRIFF, *et al.*,

      Defendants.

_____

**ORDER AND ENTRY DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION
FOR LEAVE TO FILE EXHIBITS UNDER SEAL (DOC. 125)**
_____

This civil consent case is before the Court on Plaintiff's motion for leave to file exhibits

under seal.  Doc. 125.  In support of the motion, Plaintiff cites only a Stipulated Protective Order

of the Court as the underlying reason for seeking such request.  *Id*.  Notably, that Order itself

requires a showing of "good cause" and a statement regarding "the legal basis for filing under

seal" before leave in that regard can be granted.  Doc. 33 at PageID 254.

Further, the Sixth Circuit "recently clarified the 'stark difference' between court orders

entered to preserve the secrecy of proprietary information while the parties trade discovery, and

the sealing of the court's docket and filings[.]"  *Rudd Equip. Co., Inc. v. John Deere Constr. &

Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016).  "Secrecy is acceptable at the discovery

stage[.]"  *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, No. 15-12954,

2016 WL 6134480, at *2 (E.D. Mich. Oct. 21, 2016).  However, "very different considerations

apply" when parties seek to file "material in the court record."  *Id*. (citing *Shane Grp., Inc. v.*

*Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). When parties seek to file material as part of the record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case[.]'" *Id*.  As a result, "the public is entitled to assess for itself the merits of judicial decisions." *Id*. (quoting *Shane Grp.*, 825 F.3d at 305).

Thus, a party maintaining that records should be sealed from public view upon filing bears the heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (2016); *see also Rudd Equip*, 834 F.3d at 593-94. An order sealing records is subject to being vacated in the absence of specific findings in that regard.  *Id*.  "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. at 305.  As a result "[t]he proponent of sealing . . . must 'analyze in detail, document by document, the propriety of secrecy, providing  reasons and legal citations." *Id*. at 305-06.

Here, Plaintiff's motion lacks the requisite analysis required to meet the heavy burden of sealing records from public view.  As a result, such motion (doc. 125) is **DENIED WITHOUT PREJUDICE** to refiling.

**IT IS SO ORDERED**.


Date:   November 7, 2016                                 s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge