UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID M. HOPPER, Special Administrator
of the Estate of Robert Andrew
Richardson, Sr., Deceased,

      Plaintiff,

vs.

MONTGOMERY COUNTY SHERIFF, *et al.*,

      Defendants.

Case No. 3:14-cv-158

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) DENYING PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS (DOC. 164); (2) GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS IN THE DISTRICT COURT PENDING THE OUTCOME OF THE INTERLOCUTORY APPEAL (DOC. 174); AND (3) VACATING THE TRIAL DATE AND PRETRIAL DEADLINES**

---

This 42 U.S.C. § 1983 case, for which the parties have consented, is before the Court on: (1) Plaintiff's motion to certify Defendants' appeal as frivolous and to proceed to trial (doc. 164): and (2) Defendants' motion to stay proceedings pending the outcome of the interlocutory appeal (doc. 174). Defendants filed a memorandum in opposition to Plaintiff's motion to certify. Doc. 173. Plaintiff, in his motion to certify, preemptively argued that a stay pending appeal should not be granted. Doc. 164-1 at PageID 4159. The Court has carefully considered all of the foregoing, and these motions are now ripe for decision.

On September 30, 2016, Defendants moved for summary judgment arguing, in part, that they are entitled to: (1) qualified immunity on Plaintiff's excessive force and deliberate indifference claims; (2) immunity under Ohio Rev. Code § 2744.03 for Plaintiff's wrongful death claim asserted under Ohio law; and (3) summary judgment as a matter of law concerning

Plaintiff's claims against Montgomery County Sheriff Phil Plummer under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Doc. 114.

On February 6, 2017, the undersigned issued a decision that, in part, found genuine issues of material fact existed precluding summary judgment in favor of Defendants on the basis of qualified immunity and state law immunity. Doc. 156. The Court also found genuine issues of fact remaining on Plaintiff's § 1983 claims against Sheriff Plummer under *Monell*. *Id*. On February 16, 2017, Defendants filed a notice of appeal from the Court's summary judgment decision. Doc. 163. Defendants specifically assert error in the Court's conclusions concerning: (1) qualified immunity as it relates to Plaintiff's § 1983 excessive force claim;[1] (2) state law immunity under Ohio Rev. Code § 2744.03; and (3) Sheriff Plummer's liability in his official capacity under §1983 by application of *Monell*. Doc. 163.

"A proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (citing *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)). The denial of qualified immunity constitutes an appealable decision when the denial "turns on an issue of law[,]" rather than issues of fact. *McKinney v. Lexington–Fayette Urban Cty. Gov't*, 651 F. App'x 449, 458 (6th Cir. 2016) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *DiLuzio v. Village of Yorkville*, 796 F.3d 604, 609 (6th Cir. 2015)). Plaintiff asks this Court to certify that Defendants' appeal is frivolous because the Court's summary judgment decision turns on genuine issues of material fact, rather than issues of law. Doc. 164 at PageID 4149.

---

[1] In reviewing Defendants' notice of appeal, it appears that they do not, at this time, challenge the undersigned's conclusions concerning Plaintiff's deliberate indifference claim. Doc. 163 at PageID 4118-19. Thus, in the absence of a settlement between the parties, some significant portion of this case will ultimately be tried.

Noting that appeals from qualified immunity decisions "can be employed for the sole purpose of delaying trial[,]"[2] and that "delaying trial in order to allow a defendant to appeal a denial of qualified immunity prolongs the process, often to the disadvantage of the plaintiff[,]" courts, including the Sixth Circuit, have suggested availability of a procedure whereby district courts can "certify an appeal as frivolous and begin the trial[.]" *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). Despite such suggestion in *Yates*, *supra*, the Sixth Circuit subsequently held that district courts lack the authority to "dismiss a notice of appeal from such an order[,]" *Dickerson v. McClellan*, 37 F.3d at 252 (internal citation omitted), and also lack authority "to certify [an] appeal as frivolous[.]" *Adams v. Yontz*, No. 94-3767, 94-3770, 1996 WL 5563, at *3 (6th Cir. Jan. 5. 1996).

The Sixth Circuit, more recently, has been more equivocal concerning the Court's jurisdiction to certify an appeal as frivolous, stating that "[a] district court may (or may not) have authority to issue an order labeling an interlocutory appeal as frivolous after the government defendants file a notice of appeal." *McNeal v. Kott*, 590 F. App'x 566, 569-70 (6th Cir. 2014) (parenthetical in original). Assuming, *arguendo*, that the Court does possess the authority to certify Defendants' appeal as frivolous and to proceed with trial, the undersigned declines to do so. Instead, Plaintiff should seek such determination regarding frivolousness and jurisdiction directly with the Sixth Circuit. *See Offineer v. Kelly*, No. C2-09-CV-493, 2011 WL 736397, at *2 (S.D. Ohio Feb. 23, 2011) (stating that "[a]ny decision on the frivolity of the Defendants' appeal is for the Sixth Circuit alone to decide"). As a result, Plaintiff's motion (doc. 164) is **DENIED**.

---

[2] The undersigned makes no finding and makes no suggestion that Defendants seek an appeal in this case solely in an effort to delay trial.

Next, the Court considers the issue of a stay pending resolution of Defendants' interlocutory appeal. In determining whether to grant a stay pending the outcome of an appeal, the district court considers four factors, namely, "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "These are factors to be balanced, not prerequisites to be met." *Stephens v. Childers*, No. 94-6525, 1994 WL 761234, at *1 (6th Cir. Dec. 13, 1994). Balancing these factors, and considering the interests of judicial economy, the Court concludes that a stay of proceedings pending Defendants' interlocutory appeal is appropriate.[3] Therefore, the Court **GRANTS** Defendants' motion to stay proceedings pending the outcome of Defendants' appeal.

**IT IS SO ORDERED.**

Date:  February 21, 2017                               s/ Michael J. Newman
                                                      Michael J. Newman
                                                      United States Magistrate Judge

---

[3] The undersigned makes no finding as to whether a potential federal investigation of the Montgomery County, Ohio Jail by the U.S. Department of Justice warrants a stay of proceedings. *See* doc. 174 at PageID 4244-47. If still an issue following disposition of Defendants' appeal by the Sixth Circuit, the undersigned will address a stay on such grounds at that time.