UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID M. HOPPER, Special Administrator
of the Estate of Robert Andrew
Richardson, Sr., Deceased,

Case No. 3:14-cv-158

    Plaintiff,

vs.

MONTGOMERY COUNTY SHERIFF, *et al.*,

Magistrate Judge Michael J. Newman
(Consent Case)

    Defendants.

_____

**ORDER AND ENTRY DENYING DEFENDANTS'
MOTION TO STAY TRIAL (DOC. 185)**
_____

    This civil consent case is before the Court on Defendants' motion to stay trial pending the determination by the Supreme Court of the United State of an anticipated filing of a petition for a writ of certiorari. Doc. 185. Plaintiff filed a memorandum in opposition to Defendants' motion. Doc. 186. Thereafter, Defendants filed a reply. Doc. 187. In addition to the foregoing, the Court held a telephone conference on June 21, 2018, during which counsel for the parties presented argument on the motion. The Court has carefully considered all of the foregoing and Defendants' motion is ripe for decision.

    The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants[.]" *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Id.* Nevertheless, the determination of whether a stay of proceedings is appropriate "ordinarily rests with the sound discretion of the District Court." *Id.*

The party seeking a stay of proceeding in the circumstances presented here bears the burden of demonstrating that "(1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the [movant's] position, if the judgment is not stayed." *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319, 1319-20 (1994). With regard to irreparable harm, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002).

Here, the Sixth Circuit unanimously affirmed the undersigned's decision on summary judgment, *see Hopper v. Plummer*, 887 F.3d 744, 745 (6th Cir. 2018), and the undersigned finds no reasonable probably that four Justices will vote to grant certiorari; no significant possibility that the Court's denial of summary judgment will be reversed; and no harm will result to Defendants other than the cost associated with litigation. Accordingly, finding no factor weighs in favor of granting a stay of proceedings, Defendants' motion (doc. 185) is **DENIED**.

The Court sets this case for a scheduling conference by phone on **June 28, 2018 at 10:30 a.m.** for the purpose of setting this case for trial. Counsel shall call: **1-888-278-0296**, enter **access code 2725365**, **security code 123456**, and wait for the Court to join the conference. The Court anticipates being amenable to Defendants' request for time to allow new counsel to familiarize themselves with the case; however, the Court is not inclined to permit the designation of new expert witnesses or to reopen discovery.

**IT IS SO ORDERED.**

Date: June 21, 2018      /s Michael J. Newman
                                            Michael J. Newman
                                            United States Magistrate Judge