IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID M. HOPPER, Special Administrator of the State of Robert Andrew Richardson, Sr., deceased, <br><br> Plaintiff, <br><br> v. <br><br> MONTGOMERY COUNTY SHERIFF, et al., <br><br> Defendants. | ) CASE NO.: 3:14-CV-158 <br> ) <br> ) MAGISTRATE JUDGE MICHAEL <br> ) NEWMAN <br> ) <br> ) **SUPPLEMENT TO DEFENDANTS'** <br> ) **MOTION IN LIMINE AT DOCUMENT** <br> ) **#170** <br> ) <br> ) <br> ) <br> ) |

Defense counsel previously filed a Motion in Limine at Document #170 to exclude "…any evidence relating to other lawsuits, claims or allegations that had been filed and are pending MCSO and any of its current or former employees."

Defendants seek to supplement the Motion in Limine at Document #170 to address the following proposed Plaintiff exhibits:

- Order of suspension, Sgt. Lewis (MC3541 - 3636);
- Text messages investigation (MC3541 – 3638);
- Inspectional Service Unit Investigation Report (text messages investigation MC4655 – 4748);
- Public statements from (soon to be) former Sheriff Plummer;
- Public statements from MCSO Jail employees;
- Public statements from Montgomery County Commissioners;
- MCSO website materials; and

1



- Videos of prior/other uses of force at Montgomery County Jail.

At a minimum, should this Court refuse to bifurcate this case, the introduction the evidence referenced in Document #170 and the evidence referenced above would be highly prejudicial to the individual corrections officers.

Furthermore, the evidence relating to the investigation and suspension of Sgt. Lewis pertaining to the text messages has no relevance to the events surrounding Decedent's death.

Beyond the questionable relevance of the public statements, website materials and videos of other uses of force, Plaintiff failed to identify with any specificity the nature of any of this evidence.

As such, Defendants move for the Court to prohibit Plaintiff from introducing evidence as indicating at the trial of this matter.

## MEMORANDUM

### I. INTRODUCTION

Defendants incorporate herein the Memorandum set forth in Document #170 as if fully set forth at length.

In addition to the arguments set forth in Document #170, Plaintiff should not be permitted to submit evidence based upon the disclosures as set forth in Plaintiff's proposed exhibits. Defendants are without information to form an opinion on the admissibility of unknown public statements by Sheriff Plummer, unnamed MCSO Jail employees or public statements by Montgomery County Commissioners because these "exhibits" are not identified with any specificity. Similarly, Plaintiff failed to identify what MCSO website materials he intends to present. Finally, the representation that Plaintiff intends to submit evidence regarding "videos of prior/other uses of force at Montgomery County Jail" is rife with problems of authenticity, relevance and prejudice versus probative value of such evidence. Defendants are without sufficient information to even begin to assess these purported exhibits. It is requested therefore that the Court enter an Order prohibiting Plaintiff from presenting this evidence at trial.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: /s/ Keith Hansbrough
KEITH HANSBROUGH (0072671)
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: 216.912.3809
Fax: 216.912.3801
Email: kkhansbrough@mdwcg.com
jldinehart@mdwcg.com

3

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

By: /s/ Paul D. Krepps
Paul D. Krepps, Esquire
Pa. ID #73038
pdkrepps@mdwcg.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: /s/ Keith Hansbrough
KEITH HANSBROUGH (0072671)
*Counsel for Defendants*

LEGAL/119869356.v1

5